IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LORI LEE BANKS                                                                        PLAINTIFF

vs.                                  Civil No. 5:07-cv-05169

MICHAEL J. ASTRUE, Commissioner                              DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Lori Lee Banks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for SSI and DIB on October 30, 2003.  (Tr. 55-57).  In this application and in the supporting documents filed with the SSA, Plaintiff alleged she was disabled due to migraines, osteoporosis, tendontitis, fibromyalgia, arthritis, nerves, and neck and back pain.  (Tr. 85, 95).  Plaintiff alleged an onset date of October 17, 2003.  (Tr. 55).  These applications were

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

initially denied and were denied again on reconsideration. (Tr. 37-42, 49-51).

On October 9, 2005, Plaintiff requested an administrative hearing on her applications. (Tr. 54). The hearing was held on February 16, 2007 in Fayetteville, Arkansas. (Tr. 326-369). Plaintiff was present and was represented by counsel, Evelyn Brooks, at this hearing. *See id.* Vocational Expert ("VE") Sarah Moore, and witness Robin Wilson, also testified at this hearing. *See id.*

On April 25, 2007, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 16-24). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 17, 2003, her alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, fibromyalgia, and psychological disorder. (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 18, Finding 5). The ALJ stated he evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 404.929 and 20 C.F.R. § 404.1529. (Tr. 19).

The ALJ reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 18-21, Finding 5). Specifically, the ALJ determined Plaintiff retained the RFC for work at the light exertion level. The ALJ found Plaintiff could work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, with few variables and little judgment; and supervision required is simple, direct, and concrete. (Tr. 18,

Finding 5).

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 22-23, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 342-343, 356-358). The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW. (Tr. 356).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy. (Tr. 356-357). For example, the VE testified such a hypothetical person could perform work as a cleaner (7,000 such jobs in the State of Arkansas and 895,000 in the nation). (Tr. 23, Finding 10). The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision. (Tr. 24, Finding 11).

On June 26, 2007, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-12). *See* 20 C.F.R. § 404.984(b)(2). The Appeals Council declined to review the decision of the ALJ. (Tr. 4-7). On October 4, 2007, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7, 8). The parties consented to the jurisdiction of this Court on October 25, 2007. (Doc. No. 4). The case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding her not disabled.  She claims the ALJ's findings are not supported by substantial evidence in the record because:  (A) the ALJ improperly applied the factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984), (B) the ALJ erred in his RFC determination, and (C) the ALJ erred in disregarding the opinions of Plaintiff's treating physicians.  The Defendant argues: (A) the ALJ properly applied the factors of *Polaski*, (B) substantial evidence supports the ALJ's RFC determination, and (C) the ALJ gave proper treatment to the opinions of Plaintiff's treating physicians.

Plaintiff claims the ALJ erred by failing to give consideration to all of Plaintiff's subjective complaints of pain.  In response, Defendant claims the ALJ properly analyzed Plaintiff's subjective complaints pursuant to the *Polaski* factors and discounted them for legally-sufficient reasons.

In assessing the credibility of a claimant, the ALJ is required to examine and apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

5

20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. These factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

6

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is not supported by substantial evidence. Specifically, the ALJ failed to analyze and to evaluate the Plaintiff's subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *See Cline v. Sullivan,* 939 F.2d 560, 569 (8th Cir. 1991). In this case, the ALJ failed to note any inconsistencies between the record and Plaintiff's subjective complaints. (Tr. 19-22). The ALJ's analysis is insufficient under *Polaski*.

The ALJ also found Plaintiff's daily activities were not credible. However the ALJ failed to explain this finding. (Tr. 22). The ALJ also mentioned various pain medicines the Plaintiff used, but not in conjunction with his *Polaski* analysis and provided no analysis of their efficacy or side effects. (Tr. 20). Further, the ALJ provided no analysis of the duration, frequency, and intensity of the pain; the precipitating and aggravating factors; and the functional restrictions if any caused by pain.

The Defendant argues in his brief some points in support of the argument that the ALJ performed a proper *Polaski* analysis. (Doc. No. 8, Pgs. 9-10). These included: (A) No indication by any of Plaintiff's physicians that any functional restrictions were placed on Plaintiff's activities, and (B) Plaintiff knew her asthmatic conditions were aggravated by tobacco abuse, yet Plaintiff continued to smoke. However, these points were not discussed by the ALJ. It is the ALJ's duty to provide full analysis of at least some of these factors and state the inconsistencies in the opinion. *See Ford v. Astrue*, 518 F 3d 979, 982-83 (8th Cir. 2008) (requiring the ALJ to detail the reasons for discrediting a claimant's subjective complaints and set forth the inconsistencies he or she found). It is not sufficient for the Defendant to comb through the record and provide support for the ALJ's decision after the fact.

Because the ALJ did not properly examine the five *Polaski* factors or the factors set out in 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929, this case should be reversed and remanded for a full *Polaski* analysis. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **9th day of March 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.